UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ISAIAH BRITTON,

        Plaintiff,

- against -

CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-3659 (RRM) (RLM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Pursuant to this Court's Order issued on June 17, 2016, (Doc. No. 34), plaintiff *pro se* Isaiah Britton was to show cause in writing why this action should not be dismissed for failure to prosecute. The Order, mailed to Britton by the Clerk of Court at the address listed for him on the docket, required him to respond by July 18, 2016. No response has been filed. For the reasons set forth in the Court's Order to Show Cause, and as explained again below, the Court hereby dismisses this action for failure to prosecute.

    Rule 41(b) of the Federal Rules of Civil Procedure governs the dismissal of an action or claim for plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 Fed. App'x 647, 648 (2d Cir. 2012). Dismissals pursuant to Rule 41 are within the discretion of the court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*, 597 Fed. App'x 31, 32 (2d Cir. 2015); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no one factor is dispositive. *Id*. at 216.

Here, the balance of factors tip decidedly in favor of dismissal. This case has been pending for over one year. While originally prosecuted by an attorney for plaintiff, the attorney sought leave to withdraw because Britton had failed to cooperate with counsel in connection with discovery. That motion was granted by the magistrate judge on May 4, 2016, and Britton was advised that he would be required to proceed *pro se*. *See* Doc. No. 29. The magistrate judge further warned Britton that "if he persists in violating court orders and ignoring his discovery obligations, sanctions may be imposed on him and the case dismissed for lack of prosecution." *Id*.[1]

On May 6, 2016, defendants filed a motion to dismiss for lack of prosecution, citing Britton's failure to cooperate with his attorney during discovery, and noting that for months, Britton failed to produce critical employment records as ordered by the court. Given Britton's *pro se* status, the undersigned issued an Order to Show Cause, directing Britton to respond in

---

[1] Oral argument on the motion to withdraw was held before the magistrate judge on April 11, 2016. The court waited 40 minutes for Britton, who never appeared, despite actual notice of the hearing. *See* Minute Order of 4/11/2016 (Doc. No. 28). In the Minute Order of that conference, mailed to Britton by the Clerk of Court, Britton was warned that if he persisted in violating court orders and ignoring his discovery obligations, sanctions may be imposed and the case dismissed for want of prosecution. *Id*.

writing, within 30 days, as to why the case should not be dismissed for failure to prosecute. *See* Doc. No. 34. The Clerk of Court transmitted the Order to Britton by overnight mail at the address listed for him on the docket, and to which all prior court mailings had been sent.

Britton has not responded to date. Nor has he produced the records ordered to be disclosed in discovery. In addition, as the record clearly demonstrates, Britton has ignored other court orders, and has not responded to his attorney's and defendants' letters and motions. His actions, even while represented by counsel, have caused significant delay, and prejudice to defendants who are unable to prepare their case without the records to which they are entitled, and without the ability to effectively communicate with Britton. Where a plaintiff has become inaccessible for months at a time, courts presumes prejudice. *See, e.g., Walters v. Valenti*, 2010 U.S. Dist. LEXIS 18123 at *3 (S.D.N.Y. Feb. 23, 2010) (presuming prejudice where court had no way to contact plaintiff for extended period of time); *Dong v. United States*, 2004 U.S. Dist. LEXIS 3125 at *8 (S.D.N.Y. Mar. 2, 2004) (presuming prejudice where plaintiff had no contact with court or adversary for over two months). Moreover, there is no lesser sanction that is reasonable. The court has already attempted to get Britton to respond by issuing an Order to Shoe Cause, to no avail. And Britton has been repeatedly warned of the consequences of his actions. Britton has manifested no interest in living up to his obligations in providing discovery, or even appearing in court when required to so do. Instead, this action has languished on the court's docket and over the heads of the defendants for far too long, due solely to Britton's course of conduct.

On balance, all of the relevant factors provide ample basis to dismiss for failure to prosecute pursuant to Rule 41(b).

## CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice for failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this Order and the accompanying Judgment to plaintiff *pro se*, and to close the case.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
August 5, 2016

_____
ROSLYNN R. MAUSKOPF
United States District Judge